On Rehearing.
HAMITER, Justice.
A rehearing was granted in this case in order that we might give further consideration to the legal question presented which, as stated in our original opinion, is “whether a tenant of the owner of a building can maintain a tort action against a contractor to recover damages caused to him by the fall of a cabinet installed by the contractor for the owner of the house.” We have reviewed the authorities cited by the defendant (no additional briefs were submitted on the rehearing), along with the opinion heretofore rendered, and have concluded that our affirmative answer to the question is correct.
Because of the liability imposed on owners of buildings by Revised Civil Code Articles 670 and 2322,' it has been suggested that the instant contractor' is relieved of his responsibility iii tort. But we find nothing in' these articles to justify such a conclusion. Moreover, the mere placing of an additional burden on the owner of the building should nót 'ahd does not relieve a contractor of his liability *539 under Revised Civil Code Article 2315. As was said in a case recently decided by us: “ * * * The obligation imposed thereby (Revised Civil Code Articles 2315 and 2316) is unconditional and unequivocal. Whatever damage one may cause or occasion to another obliges the actor to repair it. This duty is not contingent upon the condition that the injury be inflicted or damage be done prior to completion of the work undertaken or its acceptance by the owner. Manifestly, these codal articles do not contemplate conditional responsibility, and to so hold * * * would be violative of the positive and all inclusive language employed in these articles. * * * ” Kendrick v. C. N. Mason Company, 234 La. 271, 99 So.2d 108, 113.
It is further suggested that, even conceding the right of plaintiff to sue the contractor, recovery should be denied herein since no negligence was shown on the part of defendant in the installation of the cabinet. Neither the district court nor the Court of Appeal has passed on this issue (as is clearly disclosed by the written reasons for judgment), the dismissal of the suit having been based solely on the sustaining of the defense that plaintiff was without right to maintain an action against the contractor. Consequently, we cannot now determine this case on its merits, and we must remand it to the district court for that purpose.
For the reasons assigned our original decree is reinstated and made the final judgment of this court.
FOURNET, C. J., and SIMON, J., absent.
McCALEB, J., dissents, adhering to the reasons assigned by him on the original hearing.